**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TOREY MCKAY,

    Petitioner,

v.                                      CASE NO. 8:08-cv-1900-T-30TGW
                                              CRIM. CASE NO. 8:05-cr-374-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

    Before the Court is Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (CV Dkt. 6), the Government's Response (CV Dkt. 14), and Petitioner's Reply (CV Dkt. 20). After consideration of the aforementioned documents, the court file, the record of the underlying criminal proceedings, and the applicable law, the Court concludes that Petitioner's § 2255 motion must be DENIED.

**BACKGROUND**

    On August 25, 2005, Petitioner was indicted in a four-count Indictment charging him with drug trafficking offenses in violation of 21 U.S.C. § 841(a)(1). On December 8, 2005, Petitioner pled guilty to the charges without a plea agreement. On March 29, 2006, Petitioner was sentenced at the bottom of the guidelines as a career offender to two hundred sixty-two (262) months imprisonment. According to the Pre-Sentence Report (PSR), Petitioner was considered to be a career offender based on the following two convictions: (1)

carrying a concealed firearm; and (2) sale of cocaine. PSR para. 32. Petitioner did not object at sentencing to the career offender calculation, nor did he appeal his sentence.

Petitioner's sentencing guidelines without the career offender enhancement would have been a base offense level of 32 and an adjusted offense level of 29. Because Petitioner was a criminal history category six (even without the enhancement), his sentencing guidelines range would have been 151 to 188 months, a 111 month difference at the bottom of the guidelines.

On October 27, 2008, Petitioner filed the instant § 2255 motion in which he asserts that he is entitled to be re-sentenced as a non-career offender based on the decisions in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) and *Begay v. United States*, 128 S.Ct. 1581 (2008) and his actual innocence of career offender sanctions.

In its response, the Government contends that Petitioner's claim:

1. is time-barred;

2. is barred under the procedural default doctrine;

3. is not cognizable in a § 2255 proceeding; and

4. fails on the merits because *Begay* does not apply retroactively to Petitioner's sentence. The Court agrees with Respondent's contention that Petitioner's claim is not cognizable under § 2255.[1]

---

[1] Because the Court concludes that Petitioner's claim is not cognizable in this action, the Court declines to address the other contentions in Respondent's response.

**Petitioner's Claim is Not Cognizable Under § 2255**

The Government contends that Petitioner's claim that he was erroneously sentenced as a career criminal offender is a non-constitutional claim that does not provide a basis for collateral relief. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "[T]he scope of collateral review for other than constitutional claims is markedly narrow." *United States v. Couch*, 896 F.2d 78, 80 (5th Cir. 1990). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

Petitioner's claim that he was erroneously sentenced as a career criminal offender is a non-constitutional claim. *See, Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (mistakes in the application of the sentencing guidelines are non-constitutional errors). Consequently, his claim is cognizable in this § 2255 action only if he can demonstrate that 1) his claim "could not have been raised in direct appeal"; and 2) his injury "would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted).

3

Petitioner's claim that pursuant to *Begay* and *Archer* his sentence should be set aside and reconsidered without the career-offender enhancement is not cognizable in this action. Because Petitioner's status as a career offender "is a non-constitutional issue that [Petitioner] could have raised on direct appeal, it is not cognizable on collateral review under § 2255." *United States v. Coley*, 2009 U.S. App. LEXIS 15607, at *8 (11th Cir. Fla. July 14, 2009). This is so even though *Begay* and *Archer* had not yet been decided when Petitioner was sentenced. *See Coley,* 2009 U.S. App. LEXIS 15607, at *7 ("*Begay* and *Archer* had not yet been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal-- just as *Begay* and *Archer* later did.").

## CONCLUSION

If Mr. McKay was sentenced today, he would no longer be deemed a career offender, and his sentence would be reduced by nearly half. Unfortunately, under the law as it currently exists, the Court determines that it is unable to provide relief to Mr. McKay pursuant to § 2255.

Accordingly, the Court **ORDERS** that:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 6) is **DENIED**.

4

2. The Clerk of the Court shall enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 31, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Counsel of Record