UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOREY McKAY,

    Petitioner,

v.                                          CASE NO. 8:08-cv-1900-T-30TGW
                                            CRIM. CASE NO. 8:05-cr-374-T-30MSS
UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

Before the Court is Petitioner's Application for Certificate of Appealability (CV Dkt. 26), and Memorandum in Support of Application for Certificate of Appealability (CV Dkt. 27). "Under 28 U.S.C. § 2253(c)(2), a 'certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" *United States v. Coley*, 2009 U.S. App. LEXIS 15607 at *3 n.1 (11th Cir. Fla. July 14, 2009)(unpublished opinion). Petitioner asserts that under *Begay v. United States*, 128 S.Ct. 1581 (2008) and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his prior conviction for carrying a concealed firearm is not a crime of violence, and therefore he is actually innocent of the career offender enhancement. In light of *Hunter v. United States*,

559 F.3d 1188 (11th Cir. 2009),[1] no certificate of appealability will be granted in this case.

Accordingly, the Court **ORDERS** that Petitioner's Application for Certificate of Appealability (CV Dkt. 26) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 5, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Counsel of Record

---

[1] In *Hunter*, the petitioner requested a certificate of appealability and argued that in light of *Begay*, "his due process rights were violated when he was sentenced as an armed career criminal based on two prior convictions for carrying a concealed weapon...[and]...his appellate counsel was ineffective for failing to object to the use of his prior firearms convictions in determining that he was subject to an armed career criminal enhancement." 559 at 1190. The Eleventh Circuit denied petitioner's request for a certificate of appealability because "[n]either argument involves a substantial showing of the denial of a constitutional right." *Id*. The *Hunter* court stated "[a]lthough *Begay* provides good reason to conclude that Hunter was erroneously sentenced as an armed career criminal, a sentencing error alone does not amount to 'a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2)." *Id*. The *Hunter* court further stated "[a]lthough Hunter presents his arguments for a certificate of appealability as involving a denial of due process and ineffective assistance of counsel, Hunter's sentencing error did not give rise to a violation of the Constitution." *Id*. at 1191.